IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Zachary Strange, | C/A No. 6:25-cv-06027-JDA-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Capt. R. Cooper, Sgt. Christopher Brunson, Ofc. Kady Kieth, | |
| Defendants.[1] | |

The instant matter was removed to this court from the Dorchester County Court of Common Pleas (doc. 1). The docket number for the state court action was Case No. 2025-CP-18-01101 (doc. 1-1 at 1). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

As noted above, the instant matter was removed to this court from the Dorchester County Court of Common Pleas on June 20, 2025 (doc. 1). By order filed July 14, 2025, the undersigned screened the plaintiff's complaint pursuant to 28 U.S.C. § 1915A and informed the plaintiff that his complaint was subject to summary dismissal other than his excessive force claim against defendants Capt. Cooper, Sgt. Brunson, and Ofc. Kieth (doc. 12). The order instructed the plaintiff that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (*id.*). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed other than his excessive force claim against defendants Capt. Cooper, Sgt. Brunson, and Ofc. Kieth (*id.*

---

[1] This caption reflects the current parties to this action per the plaintiff's amended complaint (doc. 19).

at 12–13). On August 4, 2025, the plaintiff's amended complaint was entered on the docket (doc. 19).

## LITIGATION HISTORY AND ALLEGATIONS

This is a removed civil action filed by the plaintiff. The plaintiff, a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and currently located at Tyger River Correctional Institution ("Tyger River"), alleges violations of his rights by the defendants (doc. 19).

The plaintiff alleges that his Eighth Amendment rights were violated by the defendants (*id*. at 4). He contends that on July 20, 2023, after he was in an altercation with another inmate, the defendants physically restrained the plaintiff utilizing excessive force (*id*. at 5). He contends that Capt. Cooper punched the plaintiff in the face and then he and the other defendants slammed him on the ground (*id*. at 5–6). The plaintiff contends that Capt. Cooper then improperly pepper-sprayed the plaintiff even though he was on the ground and in restraints (*id*. at 6). The plaintiff contends his face was washed after being pepper-sprayed but he was not given a shower and was seen by medical staff but not provided with medical attention (*id*.).

The plaintiff's injuries include a tooth being knocked out, an injury to his ear, nerve damage, headaches, and vision problems (*id*.). For relief, the plaintiff seeks money damages (*id*.).

## STANDARD OF REVIEW

The plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even though the instant matter was removed to this court from the Dorchester County Court of Common Pleas, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983 in the Dorchester County Court of Common Pleas, seeking damages from the defendants. Having reviewed the plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, the undersigned is of the opinion that the plaintiff's excessive force claim against the defendants is sufficient to survive screening, and that claim will proceed in this action. As addressed below, the remaining claims in the plaintiff's amended complaint are defective and subject to dismissal.

**Deliberate Indifference to Medical Needs Claim**

The plaintiff alleges that he was denied access to medical care because he was seen by medical after the excessive force incident and his face was washed (although he wasn't given a decontamination shower), but he wasn't treated for nerve damage or damage to his tooth or ear (doc. 19 at 6). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id*. at 103. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In order to state a claim, a plaintiff must show a serious medical need as well as that the defendant "knowingly disregarded that need and the substantial risk it posed." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *King v. Rubenstein*, 825 F.3d 206, 218–20 (4th Cir. 2016); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–11 (4th Cir. 2017)). A "serious medical need" is a condition "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer*, 849 F.3d at 210 (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier*, 896 F.2d at 851–52 (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id*. Moreover, disagreements between an inmate and a physician over the inmate's proper

4


medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985).

Here, even as amended, the plaintiff has failed to state a claim for deliberate indifference to medical needs. First, the plaintiff's complaint contains no allegations that Capt Cooper, Sgt. Brunson, or Ofc. Keith failed to ensure the plaintiff was treated by medical or that they denied his request for medical care (*see* doc. 19 at 5–6). Indeed, the plaintiff concedes that he was seen by someone in medical who washed his face after he was pepper-sprayed; accordingly, it appears that his claim is based on his preference for different treatment than was provided – to which he is not constitutionally entitled. *See Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished per curiam opinion) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))). Indeed, the plaintiff's vague reference to denied medical care – without reference to a specific individual (or a named defendant) – fails to rise to the level of a plausible claim. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (noting that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As such, the plaintiff's deliberate indifference to medical needs claim is subject to summary dismissal.

**Conditions of Confinement Claim**

Liberally construed, the plaintiff may also allege that he was subjected to an unconstitutional condition of confinement when he was not allowed to shower after being pepper-sprayed (doc. 19 at 6). The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on an Eighth Amendment claim for cruel and unusual punishment regarding the conditions of his

confinement, a prisoner must prove that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The first prong of the *Strickler* analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind. *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Here, even presuming (for purposes of this filing *only*) that not being provided a shower after exposure to chemical munitions deprived the plaintiff of a basic human need, his claim fails because he has not alleged that any of the defendants acted with a culpable state of mind in not providing him with a shower. Indeed, the plaintiff has not alleged that he requested a shower or the ability to rinse his eyes after the incident and concedes that his face was washed by medical after he was pepper-sprayed (*see* doc. 19 at 5–6). As such, the plaintiff's conditions of confinement claim regarding access to a shower is also subject to summary dismissal.

**Abandoned Claims**

The plaintiff's amended complaint appears to abandon his claims against several defendants named in the original complaint (*see* doc. 19). The plaintiff's amended complaint also appears to abandon the following claims: due process, failure to protect, access to the grievance process, and retaliation (as they do not appear in his amended complaint) (*see id*.). The plaintiff was warned that an amended complaint replaces the complaint and "should be complete in itself (doc. 12 at 12–13 (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)). As such, the undersigned recommends dismissal of the plaintiff's abandoned claims/defendants. To the extent the plaintiff did not intend to abandon these claims/defendants, for the reasons set forth in the court's prior order, they would still be subject to summary dismissal (*see* doc. 12)

6

## **RECOMMENDATION**

As noted above, this case will go forward with respect to the plaintiff's excessive force claim against the defendants. However, with respect to the plaintiff's remaining claims, the undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the amended complaint. Therefore, the undersigned recommends that the district court dismiss the remaining claims with prejudice (other than the excessive force claim against the defendants) and without leave to amend. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

August 13, 2025
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).