IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Zachary Strange, | Case No. 6:25-cv-06027-JDA-KFM |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Capt. R. Cooper, Sgt Brunson, Ofc. Kody Kieth, | |
| Defendants. | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 27.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

Plaintiff filed his pro se Complaint in the Dorchester County Court of Common Pleas on May 8, 2025, and it was removed to this Court on June 20, 2025. [Docs. 1; 1-1.] On July 14, 2025, the Magistrate Judge issued an Order informing Plaintiff that some of his claims were subject to summary dismissal as drafted and provided him with time to file an amended complaint to correct the deficiencies noted in the Order. [Doc. 12.] Plaintiff was informed that if he failed to file an amended complaint or cure the deficiencies outlined in the Order, the Magistrate Judge would recommend that the claims be dismissed with prejudice. [*Id*. at 13.] Plaintiff filed an Amended Complaint on August 4, 2025. [Doc. 19.] On August 13, 2025, the Magistrate Judge issued a Report recommending that Plaintiff's claim for excessive force move forward but that his remaining claims be dismissed because Plaintiff failed to correct the deficiencies noted in

the July 14, 2025, Order. [Doc. 27.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 8.] Neither party has filed objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Plaintiff's claims for deliberate indifference to medical needs and conditions

of confinement[*] are DISMISSED with prejudice and without further leave to amend, and Plaintiff's case will proceed with respect to his excessive force claim against the remaining three Defendants.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

September 10, 2025<br>
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] As the Magistrate Judge notes, Plaintiff also appears to have abandoned his claims against several defendants named only in the original Complaint, as well as his claims for due process, failure to protect, access to the grievance process, and retaliation. [Doc. 27 at 6.]

3