IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Zachary Strange,<br><br>Plaintiff,<br><br>v.<br><br>Capt. R. Cooper, Sgt. Brunson, Ofc. Kody Keith,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:25-cv-06027-JDA-KFM<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendants' motion for summary judgment and Plaintiff's motions to strike, for spoliation sanctions and adverse inference, and to compel discovery. [Docs. 47; 73; 75; 76.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On February 18, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motion for summary judgment be denied, Plaintiff's motion to strike be denied, and Plaintiff's motion to compel be granted in part and denied in part. [Doc. 88.] In addition, the Magistrate Judge recommends that the Court consider holding an evidentiary hearing on Plaintiff's motion for spoliation sanctions. [*Id.*] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 15.] Defendants filed their objections on March 4, 2026 [Doc. 90; *see also* Doc. 91], and Plaintiff filed a reply on March 11, 2026 [Doc. 92; *see also* Doc. 94].

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

As accurately recounted by the Magistrate Judge, the summary judgment record reveals the following facts:

> The parties agree that there was an incident on July 20, 2023. [Defendant Captain R. Cooper] testified that he responded to an accusation that [Plaintiff] assaulted [South Carolina Department of Corrections ("SCDC")] staff, and while responding, he received another call that [Plaintiff] was fighting with another inmate. He further testified that [Plaintiff] would not comply with verbal directives and an attempted pressure point technique was ineffective. In his incident report, [Cooper] stated that [Plaintiff] was "placed in restraints and was turned around" when [Plaintiff] kicked [Cooper] in the upper leg. [Cooper] then punched [Plaintiff's] face, and [Defendants Cooper, Sargeant Brunson, and Officer Kody Keith] took [Plaintiff] to the ground because he "continued to resist[.]" [Cooper] testified that, while on the ground, [Plaintiff] sp[a]t on [Defendants] and continued to resist, and [Cooper] administered a "short" burst of chemical munitions to [Plaintiff's] face totaling five grams, which enabled

> [Defendants] to "gain control of [Plaintiff]" and escort him to the medical area for evaluation. The affidavits of [Brunson] and [Keith] are generally consistent with [Cooper's] testimony, but they do not mention the punch (or "hard-empty hand control strike") to [Plaintiff's] face mentioned in [Cooper's] affidavit and incident report.
>
> [Plaintiff] attested that [Cooper] punched him in the face "[w]ithout provocation[.]" He also attested that [Cooper] "then sprayed [Plaintiff] in the face with pepper spray, while [Plaintiff] laid face down in hand cuffs[.]" [Plaintiff] claims that he was "fully restrained with [his] hands cuffed behind [his] back" during this incident. He testified that [Defendants'] actions caused his chipped tooth, nerve damage in both wrists, headaches, vision problems, and cuts and bruises.
>
> On August 3, 2023, fourteen days after the incident, [Plaintiff] filed a request to staff member form requesting camera footage of the incident. Warden Brian Kendall testified that Lieber has "surveillance cameras throughout the institution," and the system overwrites video every forty-five days "[u]nless footage is pulled[.]" Warden Kendall testified that the SCDC preserved video of [Plaintiff's] medical assessment but does not provide any reason for the lack of surveillance video of the use of force.

[Doc. 88 at 3–4 (citations omitted) (some alterations in original).]

On May 8, 2025, Plaintiff filed his initial Complaint in the Dorchester County Court of Common Pleas. [Doc. 1-1.] On June 20, 2025, Defendants removed the matter to this Court on the basis of federal question jurisdiction. [Doc. 1.] On August 13, 2025, the Magistrate Judge issued an Order authorizing service of Plaintiff's § 1983 excessive force claim against Defendants Cooper, Brunson, and Keith, and a Report and Recommendation recommending that the Court dismiss Plaintiff's remaining claims and defendants. [Docs. 24; 27.] On September 10, 2025, the Court accepted the August 13 Report, leaving only Plaintiff's § 1983 excessive force claim pending. [Doc. 30.]

## APPLICABLE LAW

### Motions for Summary Judgment

#### *Standard*

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Id.* at 248. "Only disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

***Qualified Immunity***

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*. Further, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

"In determining whether an officer is entitled to summary judgment on the basis of qualified immunity, courts engage in a two-pronged inquiry." *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015). The first concerns whether the facts, viewed in the light most favorable to the plaintiff, demonstrate that the officer's conduct violated a federal right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second "asks whether the right was clearly established at the time the violation occurred such that a reasonable person would have known that his conduct was unconstitutional." *Smith*, 781 F.3d at 100. For purposes of this analysis, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

District court judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a court decides in the negative the first prong it considers—i.e., the court decides the plaintiff has not alleged the deprivation of an actual constitutional right or the right was not clearly established at the time of the alleged violation—the court need not consider the other prong of the qualified immunity analysis. *See id*. at 243–45; *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991) (holding the court "need not formally resolve" the constitutional question of "whether the [plaintiffs] were arrested without probable cause" to address the plaintiffs' § 1983 claim; the court stated that it "need only determine whether [the defendant]—a deputy sheriff performing within the normal course of his employment—acted with the objective reasonableness necessary to entitle him to qualified immunity.").

**Motions to Strike**

"[U]nder Rule 56(c), a court may strike portions of affidavits that contain legal or factual argument, are not based on personal knowledge, contain hearsay, or rest on conclusory statements." *Glass v. Anne Arundel Cnty.,* 38 F. Supp. 3d 705, 712 (D. Md. 2014), *aff'd*, 716 F. App'x 179 (4th Cir. 2018). While it may be appropriate for the court to disregard inconsistent statements in an affidavit, striking is a drastic sanction. *Graves v. Horry-Georgetown Tech. Coll.,* 512 F. Supp. 2d 413, 417 n.1 (D.S.C. 2007).

**Motions for Spoliation Sanctions**

Courts have the inherent power to impose sanctions for spoliation, "but the power is limited to that necessary to redress conduct which abuses the judicial process." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (internal quotation marks omitted). Therefore, the "sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine," and a court "must find some degree of fault to impose sanctions." *Id.* (internal quotation marks omitted).

A party may be sanctioned for spoliation if it had a duty to preserve material evidence and willfully engaged in conduct resulting in the loss or destruction of that evidence at a time when it knew, or should have known, that the evidence was relevant in litigation. *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). The party seeking sanctions need not prove bad faith, but it must show that the conduct was intentional. *Id.*; *see also Silvestri*, 271 F.3d at 590 (recognizing that "a court must find some degree of fault to impose sanctions," with the degree of fault impacting the severity of the sanction).

**Motions to Compel**

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Federal district courts are vested with broad discretion in resolving discovery disputes and deciding whether to grant a motion to compel. *Erdmann v. Preferred Rsch., Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988); *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995) ("The scope and conduct of discovery are within the sound discretion of the district court.").

## DISCUSSION

The Magistrate Judge recommends denying summary judgment to Defendants. [Doc. 88.] Regarding Plaintiff's remaining claim for excessive force, the Magistrate Judge concluded that the summary judgment record "raise[s] a question as to whether force was needed, whether [Plaintiff] posed any threat to [Defendants], and whether [Defendants] made any efforts at all to temper the severity of their response." [*Id.* at 7.] In addition, the Magistrate Judge concluded that, "[a]ccepting [Plaintiff's] factual evidence as true, . . . it was clearly established that the use of pepper spray or punches against a prisoner after he had been fully subdued and no longer posed a risk to [Defendants'] safety could give

rise to an inference of 'wanton punishment' in violation of the Eighth Amendment" and, "[f]or that reason, [Defendants] are not entitled to summary judgment on qualified immunity grounds." [*Id.* at 9.]

The Magistrate Judge also recommends denying Plaintiff's motion to strike because an incident report is not an "affidavit or declaration" such that Rule 56(c)(4) would apply, and Plaintiff failed to identify "any legitimate basis for striking any portion of any affidavit." [*Id.* at 10 (internal quotation marks omitted).]

Further, the Magistrate Judge recommends denying as moot Plaintiff's motion to compel regarding staff kiosk requests, handwritten grievance records, medical assessment footage, and dental records. [*Id.* at 11.] "Additionally, based upon [Defendants'] response and Warden Kendall's affidavit, it does not appear that there are any other videos of the incident, and [Defendants] cannot be forced to produce documents and information that do not exist." [*Id.*] The Magistrate Judge recommends granting the motion to compel as to Plaintiff's requests for documents concerning video preservation and review. [*Id.* at 12, 14.]

Finally, the Magistrate Judge recommends that the Court consider holding an evidentiary hearing on Plaintiff's motion for spoliation sanctions because the factual record is incomplete regarding "whether there were working surveillance cameras in the relevant area; who viewed any such video(s); why such video(s) were not preserved after [Plaintiff] requested them and who made that decision; who was responsible for handling [Plaintiff's] requests to staff and whether any [Defendants] were involved; and if there is a video retention policy including specific guidance on requests/grievances that reference video." [*Id.* at 14.]

For the reasons stated herein, the Court accepts the Report as modified, incorporates it by reference to the extent consistent with this Order, and overrules Defendants' objections.

**Defendants' Motion for Summary Judgment**

Principally, Defendants argue that the Report improperly "focuses on [Plaintiff's] own 'version of events'" and relies entirely on Plaintiff's "unsubstantiated" and "self-serving" "allegations." [Doc. 90 at 4–11.] The Court disagrees. As an initial matter, it is well settled that a statement made under penalty of perjury may function as an affidavit or declaration for summary judgment purposes, so long as it rests upon personal knowledge. *See* 28 U.S.C. § 1746 (providing that signed, dated statements made under penalty of perjury function as affidavits and declarations, and providing the following example of qualifying verification language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."); Fed. R. Civ. P. 56(c) ("[A]n affidavit or declaration used to support or oppose a motion must be made upon personal knowledge."); *Gowen v. Winfield*, 130 F.4th 162, 175–76 (4th Cir. 2025) ("Affidavits and verified complaints may not be cast aside at summary judgment, even affidavits that are uncorroborated, self-serving, or filed by *pro se* prisoners." (internal quotation marks omitted)).

Crucially, the Court must view the record in the light most favorable to Plaintiff. As the Magistrate Judge observed, Plaintiff's "version of events has him fully restrained and non-resistant when [Cooper] punched him and [Brunson and Keith] took him to the ground, and fully subdued and lying face down when [Cooper] sprayed his face with chemical munitions." [Doc. 88 at 7; *see also* Doc. 57-1 at 48 (Plaintiff's sworn

declaration)).] Plaintiff's factual account and Defendants' factual accounts present conflicting versions of the facts [*see* Docs. 47-2 (Cooper's affidavit); 47-3 (Brunson's affidavit); 47-4 (Keith's affidavit); 47-6 (incident report)], which is precisely the type of he-said-she-said scenario that must survive a motion for summary judgment. *See Raynor v. Pugh,* 817 F.3d 123, 129 (4th Cir. 2016) ("A fact finder might ultimately agree with [the moving party], but [the non-moving party] has offered contrary evidence as to material facts concerning the seriousness of his injury which, at present, preclude the grant of summary judg[ment] to [the moving party] on this prong."); *id.* at 130 ("[W]here affidavits present conflicting versions of the facts which require credibility determinations, summary judgment cannot lie." (internal quotation marks omitted)).

Relatedly, Defendants argue that the Report ignores or discounts Plaintiff's admissions regarding being intoxicated, kicking Cooper, and spitting at Defendants and medical staff. [*See* Doc. 90 at 6 ("Plaintiff does not deny kicking and injuring [Cooper] (albeit he characterizes it as an accident). Plaintiff does not deny spitting on Defendants (albeit he characterizes it as a reaction to being exposed to the OC spray). Finally, Plaintiff does not deny—and the Report fails to even mention—that he was under the influence of some intoxicant throughout the whole ordeal.").] However, the statements to which Defendants refer do not clearly contradict Plaintiff's sworn account of the incident. Although Plaintiff indeed apologized for his actions and stated that he did not intend to hurt or hit anyone, [Doc. 47-8 at 3], these statements are unspecific and could easily refer to Plaintiff's reported assault on non-party SCDC staff directly before the incident

occurred.[1] [*See also* Doc. 57 at 2 ("Plaintiff denies kicking or attempting to kick staff.").] Moreover, medical records indicate that Plaintiff spat onto the floor and the medical treatment table as a reaction to the chemical munitions [*see* Doc. 57-1 at 8], and apart from Defendants' own accounts of the incident, nothing in the record indicates that Plaintiff intentionally spat at Defendants themselves [*see* Doc. 57 at 2 ("Plaintiff denies spitting on or towards staff.")]. Finally, Plaintiff's admission that he was drinking on the day of the incident [*see* Doc. 47-8 at 3] does not preclude Plaintiff from averring that he was fully restrained and compliant.

Defendants next argue that the Report fails to examine the actions of *each* Defendant in both its summary judgment and qualified immunity analyses. [Doc. 90 at 11.] The Court disagrees. The Report refers to the conduct of the "officers" throughout, and it addresses Plaintiff's declaration that Brunson and Keith slammed him to the ground. [*See, e.g.,* Doc. 88 at 4, 7, 9.] To the extent the Report mentions only "Cooper's punch to [Plaintiff's] face . . . and use of chemical munitions" in addressing the objective component of the excessive force claim [*see id.* at 7], the Court nevertheless concludes that the act of slamming a restrained and compliant inmate to the ground satisfies the objective component, *see Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019) (stating that the objective factor "is not a high bar, requiring only something more than *de minimis* force" (internal quotation marks omitted)); *Wilson v. Miller*, No. 7:19cv00414, 2020 WL 3441238, at *6 (W.D. Va. June 23, 2020) ("[A] reasonable factfinder could find that [the

[1] Whether Plaintiff hurt or hit non-party SCDC staff *prior to* the incident does not directly bear upon whether Plaintiff posed a threat to Defendants *during* the incident. Indeed, "the justification for using protective force expires at the very moment a threat is neutralized," even if the incident at issue "transpired merely seconds after" the threat occurred. *Dean v. Jones*, 984 F.3d 295, 305 (4th Cir. 2021).

plaintiff's] being 'attacked' from behind, and [being] quickly moved from a standing position to . . . the floor on [his] stomach[] may be a sufficient use of force to satisfy the objective component, even if no injury results. . . . Here, I cannot say, as a matter of law, that the force used as alleged by [the plaintiff] was only de minimis."). By extension, it is clearly established that the act of tackling a subdued prisoner could give rise to an inference of wanton punishment in violation of the Eighth Amendment. *See Dean,* 984 F.3d at 309 ("[I]t was clearly established . . . that inmates have a right to be free from pain inflicted maliciously and in order to cause harm, rather than in a good-faith effort to protect officer safety or prison order."); *cf. Thompson v. Virginia*, 878 F.3d 89, 102 (4th Cir. 2017) (holding that precedent involving force in one form—*e.g.*, punching—provides officers with "fair warning" that application of force in a different form also may violate the Eighth Amendment).

Because the Magistrate Judge did not err in the foregoing respects, the Court also concludes, for the reasons stated by the Magistrate Judge, that Defendants are not entitled to qualified immunity. [*See* Doc. 88 at 8–9.] Accordingly, the Court overrules Defendants' objections and denies their motion for summary judgment.

**Plaintiff's Motion to Strike**

Neither party objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's motion to strike. [*See generally* Docs. 90; 91; 92; 94.] Finding no clear error, the Court accepts this aspect of the Report and denies Plaintiff's motion to strike.

**Plaintiff's Motion to Compel**

Neither party objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's motion to compel regarding staff kiosk requests, handwritten grievance

records, medical assessment footage, dental records, and videos of the incident. [*See generally* Docs. 90; 91; 92; 94.] Finding no clear error, the Court accepts this aspect of the Report and denies Plaintiff's motion to compel as to these requests.

Regarding Plaintiff's requests for video retention logs, chain-of-custody records, and factual information related to the review and/or retention of videos, Defendants argue that "the documentation Plaintiff now seeks through his motion to compel is not what was requested through discovery in his [r]equest for [p]roduction to Defendants." [Doc. 91 at 1–2 (citation omitted).] In response, Plaintiff argues that his "request for production No. 11 specifically requested documents concerning video preservation and review[ and] relevant policies." [Doc. 94 ¶ 11; *see also* Doc. 91-1 at 11 (requesting *"[p]olicies and procedures* in effect at the time of the incident regarding . . . video preservation and review" (emphasis added)).] The Court agrees with Defendants, as Plaintiff's eleventh request for production appears limited to "policies" and "procedures" only. That is, "video retention logs"; "chain-of-custody records"; and "factual information related to who viewed any videos of the incident, when it was reviewed, and when it was lost or destroyed" do not fall under the scope of Plaintiff's initial discovery request.[2] [Doc. 76 at 2; *see also* Doc. 91-1.] Accordingly, Plaintiff's motion to compel as to these requests is denied.[3]

[2] The Magistrate Judge did not have a copy of Plaintiff's actual discovery requests before him. Plaintiff's requests were provided as an attachment to Defendants' supplemental response in opposition to Plaintiff's motion to compel. [Doc. 91-1.]

[3] Nevertheless, the Court agrees with the Magistrate Judge that such records bear upon Plaintiff's motion for spoliation sanctions and adverse inference, as discussed in more detail below.

**Plaintiff's Motion for Spoliation Sanctions**

Defendants do not lodge any specific objections to the Report regarding Plaintiff's motion for spoliation sanctions. [*See generally* Docs. 90; 91.] For the reasons stated by the Magistrate Judge, the Court agrees that, should this case proceed to trial, an evidentiary hearing should be held to determine whether Plaintiff is entitled to an adverse inference jury instruction. [*See* Doc. 88 at 12–14.]

Nevertheless, an evidentiary hearing is premature at this time. Prior to trial and by separate Order, the undersigned will appoint counsel for Plaintiff and direct the parties to mediate this matter. In the interests of efficiency, the Court denies without prejudice Plaintiff's motion for spoliation sanctions. If this matter is not resolved via mediation, Plaintiff may renew his motion.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference to the extent consistent with this Order. Accordingly, Defendants' motion for summary judgment [Doc. 47] is DENIED, Plaintiff's motion to strike [Doc. 73] is DENIED, and Plaintiff's motion to compel [Doc. 76] is DENIED. Plaintiff's motion for spoliation sanctions [Doc. 75] is DENIED without prejudice and with leave to refile upon completion of mediation. The Court will appoint counsel for Plaintiff and direct the parties to mediate via separate Order.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 20, 2026
Greenville, South Carolina